UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

#15/16

CIVIL MINUTES - GENERAL

| Case No. | CV 11-8891 PSG (FMOx) | Date | May 15, 2012 |
|---|---|---|---|
| Title | Rodolfo Guerrero v. Bank of America, *et al.* | | |

| Present: | The Honorable Philip S. Gutierrez, United States District Judge |
|---|---|

| Wendy K. Hernandez | Not Present | n/a |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

|  Attorneys Present for Plaintiff(s): | Attorneys Present for Defendant(s): |
|---|---|
| Not Present | Not Present |

**Proceedings:**  **(In Chambers) Order GRANTING IN PART and DENYING IN PART motion to dismiss**

Before the Court is Defendants' motion to dismiss.  Dkt. # 15.  The Court finds the matter appropriate for decision without oral argument.  *See* Fed. R. Civ. P. 78; L.R. 7-15.  After considering the moving and opposing papers, the Court GRANTS IN PART and DENIES IN PART the motion to dismiss.

I.     Background

Plaintiff Rodolfo Guerrero ("Plaintiff") filed this action against Bank of America, N.A., as successor by merger to BAC Home Loan Servicing, LP ("BOA"), and Wells Fargo Bank, N.A., individually and as trustee for Harborview Mortgage Trust 2006-12 Trust Fund ("Wells Fargo") (collectively "Defendants").  The Complaint asserts causes of action for declaratory relief and violations of the Truth in Lending Act, 15 U.S.C. § 1641(g), the Fair Debt Collection Practices Act, 15 U.S.C. § 1692(e), and California Business & Professions Code § 17200.  *See* Dkt. # 1.  The gravamen of Plaintiff's Complaint is that Defendants and others improperly attempted to transfer the loan to a trust in order to securitize it, but failed to do so by the closing date specified in the applicable Pooling and Service Agreement ("PSA").  Plaintiff also alleges that a July 6, 2011 recorded Assignment purporting to convey all beneficial interest in the Deed of Trust to Wells Fargo was invalid because the agent who purportedly executed it on behalf of MERS, one "T. Sevillano," lacked authority to do so, and because MERS as a mere nominee beneficiary had no authority to assign the beneficial interest in the Deed of Trust to Wells Fargo. Based on these two theories, Plaintiff contends that BOA and Wells Fargo, who are not named

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

#15/16

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-8891 PSG (FMOx) | Date | May 15, 2012 |
|----------|------------------------|------|--------------|
| Title    | Rodolfo Guerrero v. Bank of America, *et al.* | | |

on the original Deed of Trust, have no legal interest in Plaintiff's loan or the Subject Property and lack standing to collect mortgage payments or initiate foreclosure proceedings. The specific allegations are as follows.

On August 30, 2006, Plaintiff took out a loan from First Magnus Financial Corporation ("First Magnus") secured by a promissory note and a Deed of Trust on real property located at 620 North Avenue 64, Los Angeles, California, 90042 ("the Property"). *Compl.* ¶¶ 5, 23. The Deed of Trust names First Magnus as lender and Mortgage Electronic Registration Systems, Inc. ("MERS") as the beneficiary. *RJN*, Ex. 1. Plaintiff avers that around the time the loan was originated, First Magnus attempted to securitize and sell Plaintiff's loan to another entity or entities, but that Plaintiff's loan was never properly endorsed or transferred to the Harborview Mortgage Trust 2006-12 Trust Fund (the "Harborview Trust") because Defendants failed to comply with the terms of the operative Pooling and Servicing Agreement. *See Compl.* ¶¶ 24, 25, 26.

On July 6, 2011, T. Sevillano, purportedly as assistant secretary for MERS, executed and recorded an Assignment conveying the beneficial interest in the Deed of Trust to Wells Fargo. *Compl.* ¶¶ 27, 38. Plaintiff alleges this Assignment was fraudulent and invalid because T. Sevillano "is an individual who simply signs thousands of property record documents without any legal or corporate authority whatsoever," and because MERS "does not own Plaintiff's Note or Deed of Trust" and therefore could not affect a valid assignment. *Compl.* ¶¶ 43, 74. Although Plaintiff claims that a copy of this Assignment is attached as Exhibit A to the Complaint, a review of Exhibit A reveals that Plaintiff has attached the wrong document. Instead of an Assignment dated July 6, 2011, Exhibit A is a Substitution of Trustee dated October 11, 2006 and notarized on October 11, 2008. *See Compl.*, Ex. A. The Substitution of Trustee relates to recorded Instrument No. 05 2115439, which is a Deed of Trust dated August 25, 2005, in which Ownit Mortgage Solutions, Inc is named as the original lender/beneficiary. The Deed of Trust at issue in this case is dated August 30, 2006 and was recorded as Instrument No. 06 2013849. *See RJN*, Ex. 3. The Substitution of Trustee therefore relates to a separate encumbrance apparently not at issue here, and the Court disregards this document. The Court also notes that Defendants do not seek judicial notice of the purportedly fraudulent Assignment dated July 6, 2011, consequently, a copy of the disputed document is not before the Court.

On July 6, 2011, a notice of default and election to sell was recorded. *RJN*, Ex. 3. The notice of default states that as of the date of recordation Plaintiff was in default in the amount of $95,648.55. *Id.* In order to verify the debt, Plaintiff sent a Qualified Written Request to BOA seeking various documents, including the transactional history of his loan. *Compl.* ¶ 33, Ex. B.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**#15/16**

### CIVIL MINUTES - GENERAL

| Case No. | CV 11-8891 PSG (FMOx) | Date | May 15, 2012 |
|---|---|---|---|
| Title | Rodolfo Guerrero v. Bank of America, *et al.* | | |

It is unclear from the Complaint whether Plaintiff received a response, but Plaintiff does not bring a claim for violation of the Real Estate Settlement Procedures Act, 12 U.S.C. § 2605(e). *See id.*

On October 26, 2011, Plaintiff filed suit against Defendants. Defendants now move to dismiss the Complaint under Federal Rule of Civil Procedure 12(b)(6) on the grounds that Plaintiff's MERS-related theories fails as a matter of law, and because the Complaint otherwise fails to state any actionable claims to relief. *See* Dkt. # 15.

II.   Legal Standard

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a defendant may move to dismiss a cause of action if the plaintiff fails to state a claim upon which relief can be granted. *See* Fed. R. Civ. P. 12(b)(6). In evaluating the sufficiency of a complaint under Rule 12(b)(6), the courts should be mindful that the Federal Rules of Civil Procedure generally require only that the complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although detailed factual allegations are not required to survive a Rule 12(b)(6) motion to dismiss, a complaint that "offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Rather, the complaint must allege sufficient facts to support a plausible claim for relief. *See id.*

In evaluating a Rule 12(b)(6) motion, the court must engage in a two-step analysis. *See id.* at 1950. First, the court must accept as true all non-conclusory, factual allegations made in the complaint. *See Leatherman*, 507 U.S. at 164. Based upon these allegations, the court must draw all possible inferences in favor of the plaintiff. *See Mohamed v. Jeppesen Dataplan, Inc.*, 579 F.3d 949 (9th Cir. 2009). Second, after accepting as true all non-conclusory allegations and drawing all reasonable inferences in favor of the plaintiff, the court must determine whether the complaint alleges a plausible claim for relief. *See Iqbal*, 129 S. Ct. at 1950. Despite the liberal pleading standards of Rule 8, conclusory allegations will not save a complaint from dismissal. *See id.*

III.   Judicial Notice

In ruling on a motion to dismiss, a court may consider certain documents outside the pleadings without the proceeding turning into summary judgment. *See Lee v. City of Los*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

#15/16

## CIVIL MINUTES - GENERAL

| Case No. | CV 11-8891 PSG (FMOx) | Date | May 15, 2012 |
|---|---|---|---|
| Title | Rodolfo Guerrero v. Bank of America, *et al.* | | |

*Angeles,* 250 F.3d 668, 688-89 (9th Cir. 2001).  In particular, a court may consider: (a) documents that are properly submitted as part of the complaint; (b) documents on which plaintiff's complaint necessarily relies and whose authenticity is not contested; and (c) matters of public record of which the court may take judicial notice under Rule 201 of the Federal Rules of Evidence.  *See id.* (internal quotations omitted).

Defendant has submitted a request for judicial notice of: (1) the Deed of Trust, (2) the Note, and (3) the Notice of Default and Election to Sell Under the Deed of Trust, recorded on July 6, 2011.  *See RJN* at 1:7-15.  The Court may take judicial notice of the Note and Deed of Trust because Plaintiff relies on these documents throughout the Complaint and does not contest their authenticity.  *See Compl.* ¶ 23; *Opp.* 2:5-7.  The Court also takes judicial notice of the Notice of Default and Election to Sell as it is recorded in the Official Records of Los Angeles County, and is therefore a matter of public record.  *See Bitsakis v. JP Morgan Chase Bank, N.A.*, No. CV-11-05521 DDP (AGPx), 2012 WL 359283 (C.D. Cal. Feb. 1, 2012) (taking judicial notice of a document recorded in the Official Records of Los Angeles County as a matter of public record).

IV.   Discussion

The Court first addresses Plaintiff's request for declaratory relief, before analyzing Plaintiff's substantive claims.

A.   Declaratory Relief

Under 28 U.S.C. § 2201, "any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought."  A litigant seeking relief under the Declaratory Judgment Act must show there is a real and substantial controversy remediable by specific relief.  *See Aetna Life Ins. Co. v. Haworth*, 300 U.S. 227, 240 (1937); *see also Md. Cas. Co. v. Pac. Coal & Oil Co.*, 312 U.S. 270, 273 (1941) ("[T]he question ... is whether the facts alleged ... show that there is a substantial controversy, between parties having adverse legal rights, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.").  A declaratory judgment claim "brings to the present a litigable controversy, which otherwise might only be tried in the future."  *Societe de Conditionnement en Aluminum v. Hunter Eng'g Co.*, Inc., 655 F.2d 938, 943 (9th Cir. 1981).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

#15/16

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-8891 PSG (FMOx) | Date | May 15, 2012 |
|---|---|---|---|
| Title | Rodolfo Guerrero v. Bank of America, *et al.* | | |

Plaintiff claims that an actual controversy exists between the parties relating to their respective legal rights and duties because Defendants are asserting a secured enforceable interest in the Note, Deed of Trust and Property, and Plaintiff alleges that they have no such interest because the loan was never properly assigned to the Harborview Trust, and because the July 6, 2011 Assignment is invalid. *See Compl.* ¶¶ 72-74; *Opp.* 10:15-17. Plaintiff argues that absent a declaration establishing Defendants' entitlement to enforce the Note and lay claim on his debt, Plaintiff is subject to "double financial jeopardy" in that another entity – including the original lender – may come forward to enforce Plaintiff's obligation.

With respect to Plaintiff's claim that MERS did not have the capability to "grant, assign, or transfer any true or pecuniary beneficial interest in Plaintiff's Note or Deed of Trust" because MERS is "not a true pecuniary beneficiary," *see Compl.* ¶ 38, numerous courts have recognized that such allegations are not cognizable. *See Bascos v. Fed. Home Loan Mortg. Corp.*, 2011 WL 3157063, at *4-5 (C.D.Cal. Jul. 22, 2011); *Gomes v. Countrywide Home Loans, Inc.*, 192 Cal. App. 4th 1149, 1156, 121 Cal. Rptr. 3d 819 (2011); *Pantoja v. Countrywide Home Loans, Inc.*, 640 F. Supp. 2d 1177, 1189-90 (N.D. Cal. 2009). Once Plaintiff signed the Deed of Trust which named MERS as "the beneficiary under [the] Security Instrument," he gave his consent and cannot now argue that MERS was not a proper beneficiary. *RJN*, Ex. 1; *see Hollins v. Reconstruct, N.A.*, No. CV 11-945 PSG (PLAx), 2011 WL 1743291, at *3 (C.D. Cal. May 6, 2011) ("[F]ederal and state courts in California have repeatedly rejected similar challenges to MERS in cases where the plaintiff expressly authorized MERS to act as a beneficiary."); *see also Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1042 (9th Cir. 2011) (holding that by "signing the deeds of trust, the plaintiffs agreed to the terms and were on notice of the contents," which described MERS as the legal title holder). And "where MERS acts as a beneficiary under a deed of trust, it has the right to assign its interest." *See Hollins*, 2011 WL 1743291, at *3.

Moreover, in a related concept, not only have courts consistently held that MERS has the authority to execute assignments and initiate foreclosures, they have also held that a plaintiff *lacks standing* to seek declaratory relief challenging that authority. *See, e.g., Aguirre v. Cal-Western Reconveyance Corp.*, No. CV 11-6911 CAS (AGRx), 2012 WL 273753, at *6 (C.D. Cal. Jan. 30, 2012) ("a plaintiff cannot challenge a named beneficiary's authority to initiate a non-judicial foreclosure under Cal. Civ. Code § 2924(a)."). This is because the "recognition of the right to bring a lawsuit to determine a nominee's authorization to proceed with foreclosure on behalf of the noteholder would fundamentally undermine the nonjudicial nature of the process and introduce the possibility of lawsuits filed solely for the purpose of delaying valid foreclosures." *Gomes*, 192 Cal. App. 4th at 1155. As noted, the Deed of Trust names MERS as

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**#15/16**

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-8891 PSG (FMOx) | Date | May 15, 2012 |
|---|---|---|---|
| Title | Rodolfo Guerrero v. Bank of America, *et al.* | | |

a beneficiary and provides that "MERS…has the right [to] foreclose and sell the Property."  *See RJN*, Ex. 1.  Accordingly, any argument that MERS lacked authority to initiate foreclosure proceedings, including executing the Assignment, fails as a matter of law.  *See Gomes*, 192 Cal. App. 4th at 1155.

Plaintiff seeks to avoid this conclusion by arguing his Complaint "is not concerned with whether or not the non-judicial foreclosure proceedings are proper, nor does he seek to establish standing to challenge Defendants' 'right to foreclose.'"  *See Opp.* 6:3-5.  Rather, Plaintiff merely "disput[es] that Defendants were assigned his debt" and contends that as "neither Defendant owns Plaintiff's loan, it is impossible for Defendants…to take any action to collect on the debt obligation, regardless of the manner in which they try to enforce it."  *See Opp.* 6:9-13.  However, Plaintiff clearly challenges MERS's right to execute the assignment, is in default on his loan in excess of $95,000.00, and makes no allegation that he has attempted to make any further loan payments or cure his default.  The "manner in which" Defendants seek to enforce Plaintiff's loan is through a notice of default and election to sell under the deed of trust in accordance with California's statutory non-judicial foreclosure scheme, *see RJN*, Ex. 3, and this is precisely the "action to collect on the debt obligation" that Plaintiff contends Defendants lack standing to take.  Accordingly, Plaintiff's argument that he is not challenging Defendants' standing to foreclose, but merely their authority to collect on a debt, is a distinction without a difference.

For some of the same reasons, the Court concludes that Plaintiff's allegations with respect to T. Sevillano and the purportedly fraudulent execution of the Assignment also do not provide a basis for seeking declaratory relief.  First, except for alleging that T. Sevillano has executed thousands of recorded documents, the Complaint pleads no facts to support its assertion that T. Sevillano acted without authority from MERS.  Such allegations sound in fraud, requiring them to be pleaded with heightened particularity under Federal Rule of Civil Procedure 9(b).  *See Cerecedes v. U.S. Bankcorp*, 2011 WL 2711071, at *4 (C.D. Cal. July 11, 2011) (holding allegations regarding "robo-signing" were pleaded in a conclusory fashion without sufficient factual support where the complaint merely alleged that "the purported signatory, Lucile [sic] McCord is a Robo-signer" and that "Kim Stewart was also an illegal Robo-signer," even though the court was "mindful of the reports of financial institutions using so-called 'robo-signers' to improperly sign documents used in the foreclosure process.").

Moreover, as a practical matter, MERS is an entity and the foreclosure-related documents which it is authorized to execute as a named beneficiary under the Deed of Trust will always be signed by a human being.  In this regard, allowing a plaintiff to sue for a declaration regarding whether the signatory had authority from MERS, without a particularized factual basis to

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

#15/16

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-8891 PSG (FMOx) | Date | May 15, 2012 |
|---|---|---|---|
| Title | Rodolfo Guerrero v. Bank of America, *et al.* | | |

conclude otherwise, presents the same potential for interjecting the courts into the nonjudicial foreclosure process as does allowing such suits against MERS itself.  *See Gomes*, 192 Cal. App. 4th at 1154-56 ("By asserting a right to bring a court action to determine whether the owner of the Note has authorized its nominee to initiate the foreclosure process, Gomes is attempting to interject the courts into this comprehensive nonjudicial scheme…. Gomes has identified no legal authority for such a lawsuit.  Nothing in the statutory provisions establishing the nonjudicial foreclosure process suggests that such a judicial proceeding is permitted or contemplated…. Because California's nonjudicial foreclosure statute is unambiguously silent on any right to bring the type of action identified by Gomes, there is no basis for the courts to create such a right.").  Finally, Plaintiff cannot credibly claim any injury resulting from the purportedly fraudulent Assignment, as by law the recorded Assignment operated as constructive notice to Plaintiff regarding its contents, *see* Cal. Civ. Code § 2934, and if T. Sevillano or MERS "indeed lacked authority to make the assignment, the true victim was not plaintiff but the original lender…."  *See Fontenot v. Wells Fargo*, 198 Cal. App. 4th 256, 272, 129 Cal. Rptr. 3d 467 (2011).

Plaintiff's request for a declaration that Defendants lack standing to enforce his debt based on purported defects in its securitization into the Harborview Trust also fails.  First, in light of the recorded assignment conveying the beneficial interest in the loan from MERS to Wells Fargo on July 6, 2011, it is unclear how Plaintiff's allegations with respect to whether the loan was securitized into the Harborview Trust in 2006 affect the rights or duties of any of the Parties involved.  Second, courts in this judicial district have held that claims for declaratory relief premised on the theory that a Defendant, in its capacity as Trustee for a loan Trust, lacks authority to collect on a loan because the transfer to the loan Trust did not comply with the PSA are not legally cognizable where, as here, the Plaintiff admits that he is not an investor in the loan Trust or a party to the PSA.  *See, e.g., Bascos*, 2011 WL 3157063, at *6; *Armeni v. America's Wholesale Lender*, No. SACV 11-1317 DOC (SHx), 2012 WL 253967, at *2 (C.D. Cal. Jan. 25, 2012); *Junger v. Bank of America, N.A.*, No. CV 11-10419 CAS (VBKx), 2012 WL 603262, at *1-*4 (C.D. Cal. Feb. 24, 2012).

In sum, Plaintiff lacks standing to challenge Defendants' authority to collect on his debt obligation under either of the two theories on which a declaration is sought.  Therefore, Plaintiff has not shown "the existence of an actual controversy between the parties relating to their respective legal rights and duties."  *See Bascos*, 2011 WL 3157063, at *4-5 (dismissing cause of action for declaratory relief based on MERS standing to assign the Deed of Trust and allegations that the assignment was void due to "robo-signing.") (citing *Qualified Patients Ass'n v. City of Anaheim*, 187 Cal. App. 4th 734, 756, 115 Cal. Rptr. 3d 89 (2010).  Declaratory relief is merely

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**#15/16**

### CIVIL MINUTES - GENERAL

| Case No. | CV 11-8891 PSG (FMOx) | Date | May 15, 2012 |
|---|---|---|---|
| Title | Rodolfo Guerrero v. Bank of America, *et al.* | | |

a "remedial arrow in the district court's quiver" in cases of actual controversy; it is not a freestanding cause of action. *See Nat'l Union Fire Ins. Co. of Pittsburgh v. Karp*, 108 F.3d 17, 21 (2d Cir. 1997); *Thompson v. Residential Credit Solutions, Inc.*, No. CIV. 2:11-2261 WBS DAD, 2012 WL 1565688, at *5 (E.D. Cal. May 2, 2012). Accordingly, Plaintiff's claim for declaratory relief is DISMISSED WITH PREJUDICE.

    B.    Truth in Lending Act

    Plaintiff alleges that Defendant Wells Fargo violated the Truth in Lending Act ("TILA") by failing to provide notification within thirty (30) days of being assigned the Note and Deed of Trust. *Compl.* ¶¶ 85-87. TILA states, in part, that "no later than 30 days after the date on which a mortgage loan is sold or otherwise transferred or assigned to a third party, the creditor that is the new owner or assignee of the debt shall notify the borrower in writing of such transfer." 15 U.S.C. § 1641(g)(1). This provision was enacted by Public Law 111-22, Title IV, Section 404 (May 20, 2009), and therefore applies to the disputed Assignment, which was recorded on July 16, 2011.

    Although Plaintiff challenges the validity of the July 6, 2011 Assignment, Plaintiff pleads in the alternative that in the event MERS did assign or transfer any beneficial interest it had in the note to Wells Fargo, Wells Fargo became the new creditor and was required to provide plaintiff with statutorily mandated notice. *See Compl.* ¶ 82. The Complaint sufficiently alleges that Wells Fargo did not provide Plaintiff with written notice within 30 days after the date on which they were allegedly assigned the Note or Deed of Trust. *Compl.* ¶ 86. Moreover, Plaintiff has at least alleged statutory damages. *See Compl.* ¶ 91; 15 U.S.C. ¶¶ 1640(a)(1), 1640(a)(2)(A)(iv); *Wise v. Wells Fargo Bank, N.A.*, --- F. Supp. 2d ----, 2012 WL 1058887, at *5 (C.D. Cal. Mar. 23, 2012) (noting that TILA requires a Plaintiff to allege either actual or statutory damages and upholding a TILA claim where statutory damages were alleged). Accordingly, Defendants' motion to dismiss Plaintiff's TILA claim is DENIED.

    C.    Fair Debt Collection Practices Act

    The Complaint alleges that Defendants violated the Fair Debt Collection Practices Act ("FDCPA") by attempting to collect on Plaintiff's debt obligations. *Compl.* ¶ 95. The FDCPA states, in part, that "[a] debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt." *See* 15 U.S.C. § 1692e. "To state a claim for violation of the FDCPA, a plaintiff must allege that the defendant is a 'debt

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**#15/16**

### CIVIL MINUTES - GENERAL

| Case No. | CV 11-8891 PSG (FMOx) | Date | May 15, 2012 |
|---|---|---|---|
| Title | Rodolfo Guerrero v. Bank of America, *et al.* | | |

collector' collecting a 'debt.'"  *Izenberg v. ETS Servs., LLC*, 589 F. Supp. 2d 1193, 1199 (C.D. Cal. 2008) (quotation marks omitted).

Plaintiff does not oppose the motion to dismiss his FDCPA claim, and the claim fails for at least two reasons.  First, "the law is well settled that [the] FDCPA's definition of debt collector does not include the consumer's creditors, a mortgage servicing company, or any assignee of the debt."  *Lal v. Am. Home Servs., Inc.*, 680 F. Supp. 2d 1218, 1224 (E.D. Cal. 2010); *see also Pineda v. Saxon Mortg. Servs., Inc.*, No. SACV 08-1187 JVS (ANx), 2008 WL 5187813, at *3 (C.D. Cal. Dec. 10, 2008) (holding that the FDCPA "specifically excludes creditors and mortgage servicers").  Plaintiff identifies Wells Fargo as the purported creditor to his defaulted loan and Bank of America as the purported mortgage servicer, meaning they are not debt collectors under the FDCPA.

Second, the initiation of a foreclosure proceeding does not constitute a "debt collection" activity.  *See Izenberg*, 589 F. Supp. 2d at 1199 ("foreclosing on [a] property pursuant to a deed of trust is not the collection of a debt within the meaning of the FDCPA"); *Ines v. Countrywide Home Loans, Inc.*, No. 08cv1267 WQH (NLS), 2008 WL 4791863, at *3 (S.D. Cal. Nov. 3, 2008) ("the allegedly unlawful foreclosure on Plaintiff's property pursuant to a deed of trust . . . does not fall within the meaning of . . . the FDCPA").  Accordingly, the Court GRANTS the motion to dismiss the FDCPA claim WITH PREJUDICE.

D.    Violation of California Business & Professions Code § 17200

Plaintiff claims that Defendants have violated California Business & Professions Code § 17200 ("UCL") by engaging in "unlawful, fraudulent and deceptive business practices with respect to mortgage loan servicing," giving Defendants "an unfair competitive advantage over their competitors."  *Compl.* ¶ 100, 102.  The UCL prohibits any "unlawful, unfair, or fraudulent business act or practice and unfair, deceptive, untrue or misleading advertising," as well as any act prohibited by California's false advertising statute.  *See Ariz. Cartridge Remanufacturers Ass'n v. Lexmark Int'l, Inc.,* 421 F.3d 981, 985 (9th Cir. 2005) (*quoting* Cal. Bus. & Prof. Code § 17200).  An "unlawful" business act under § 17200 is any business practice that is prohibited by law, whether "civil or criminal, statutory or judicially made . . . , federal, state or local."  *McKell v. Washington Mutual, Inc.*, 142 Cal. App. 4th 1457, 1474, 49 Cal. Rptr. 3d 227 (2006) (citations omitted).  A business act is "unfair" under § 17200 "if it violates established public policy or if it is immoral, unethical, oppressive or unscrupulous and causes injury to consumers which outweighs its benefits," *see id.* at 1473, or if it "threatens an incipient violation of an antitrust law, or violates the policy or spirit of one of those laws because its effects are comparable to or

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

#15/16

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-8891 PSG (FMOx) | Date | May 15, 2012 |
|---|---|---|---|
| Title | Rodolfo Guerrero v. Bank of America, *et al.* | | |

the same as a violation of the law, or otherwise significantly threatens or harms competition." *Byars v. SCME Mortgage Bankers, Inc.*, 109 Cal. App. 4th 1134, 1147, 135 Cal. Rptr. 2d 796 (2003). Finally, a "fraudulent" business practice under § 17200 is "one which is likely to deceive the public," and "may be based on representations to the public which are untrue, and also those which may be accurate on some level, but will nonetheless tend to mislead or deceive." *See id.* at 1471.

UCL claims based on fraud are subject to the heightened pleading requirements of Rule 9(b). *See Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1124-25 (9th Cir. 2009). Plaintiffs must plead "the who, what, when, where, and how of the alleged fraudulent conduct" and explain "why [a] statement or omission complained of was false and misleading." *In re Actimmune Mktg. Litig.*, 2009 WL 3740648, at *13 (N.D. Cal. Nov. 6, 2009).

Finally, even if a plaintiff has sufficiently alleged a violation of the UCL, standing to bring a UCL claim requires a person to have "suffered injury in fact and [] lost money or property *as a result of* the unfair competition." Cal. Bus. & Prof. Code § 17204 (emphasis added). Thus, to have standing, a plaintiff must allege that he has "lost 'money or property' sufficient to constitute an 'injury in fact' under Article III of the Constitution," *see Rubio v. Capital One Bank*, 613 F.3d 1195, 1203-04 (9th Cir. 2010), and establish a "causal connection" between the defendant's alleged UCL violation and the plaintiff's injury in fact. *Id.* at 1204 (quoting *Hall v. Time Inc.*, 158 Cal. App. 4th 847, 855, 70 Cal. Rptr. 3d 466 (2008)).

While Plaintiff has adequately stated a TILA violation that could provide a basis for a claim under the UCL's "unlawful" prong, Plaintiff's only allegation of injury is that "a cloud has been placed upon the title to [the] Property and Defendants[] have failed to remove this cloud…." *Compl.* ¶ 105. Even if the Court liberally construes Plaintiff's pleading to allege a potential loss of property due to foreclosure, and assumes that the *threatened* loss of one's property is sufficient to confer UCL standing, *see Sullivan v. Washington Mut. Bank, FA*, No. C-09-2161 EMC, 2009 WL 3458300, at *4 (N.D. Cal. 2009) (noting that "no foreclosure has taken place, and therefore, it may be argued that [the plaintiff] has not actually lost any property as a technical matter"), Plaintiff's UCL claim requires dismissal because Plaintiff fails to establish a "causal connection" between his alleged injury and any conduct by Defendants that violated the UCL. Plaintiff admits that he owes money on his loan and the notice of default and election to sell shows that Plaintiff is in default in an amount in excess of $95,000.00. *See RJN*, Ex. 3. Plaintiff does not allege that he attempted to make any further payments or cure his default following the assignment to Wells Fargo, or otherwise explain how Defendants' conduct, rather than Plaintiff's default, is to blame for the impending foreclosure.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**#15/16**

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-8891 PSG (FMOx) | Date | May 15, 2012 |
|---|---|---|---|
| Title | Rodolfo Guerrero v. Bank of America, *et al.* | | |

     Given Plaintiff's admission that he owes money on his obligation, he "would still be faced with the possible loss of the property even if defendants had not engaged in the alleged" misconduct.  *See Argueta v. J.P. Morgan Chase*, 2011 WL 2619060, at *7 (E.D. Cal. Jun. 30, 2011).  Because "[t]here is no causation 'when a complaining party would suffer the same harm whether or not a defendant complied with the law,'" Plaintiff's UCL claim is DISMISSED.  *See Do v. American Home Mortg. Serv., Inc.*, No. SACV 11-324-JST (JCGx), 2011 WL 5593935, at *5 (C.D. Cal. Nov. 17, 2011) (quoting *Daro v. Superior Court*, 151 Cal. App. 4th 1079, 1099, 61 Cal. Rptr. 3d 715 (2007)).

V.     <u>Conclusion</u>

     For the foregoing reasons, the Court GRANTS the motion to dismiss the declaratory relief and FDCPA claims WITH PREJUDICE, GRANTS the motion to dismiss the UCL claim WITHOUT PREJUDICE, and DENIES the motion to dismiss Plaintiff's TILA claim.  Plaintiff may file an amended complaint not later than **<u>June 5, 2012</u>**.


     **IT IS SO ORDERED.**